[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
PROCEDURAL HISTORY
This matter first came to the court by summons and complaint dated September 6, 2000 and returnable September 26, 2000 in which complaint CT Page 15509 the plaintiff petitioner sought a dissolution of the marriage, counsel fees, alimony, an equitable distribution of the real and personal assets of the marriage and such other relief as the court deems fair and equitable.
Accompanying the complaint was a notice of automatic court orders, motions for household expenses, alimony pendente lite and plaintiff's financial affidavit.
On December 8, 2000 the defendant appeared by counsel and filed a counterclaim seeking a dissolution of the marriage and such other relief as the court deems just and equitable.
THE FOLLOWING FACTS WERE STIPULATED TO BY THE PARTIES:
 1. The plaintiff receives as her sole source of income (other than from the defendant) the sum of $113.02 per week in social security disability;
 2. The defendant receives as his income his pension of $146.00 per week plus social security of $201.00 per week for a total of $264.00 per week:
 3. The defendant pays $241.00 per month for medical insurance. The defendant's portion of the insurance premium is $58.00 per month (the single rate). The premium cost for the plaintiff is currently $183.00 ($241.00 — $58.00 = $183.00). The monthly COBRA rate to cover the plaintiff would be $344.00 per month. The defendant currently pays $100.00 per week to the plaintiff for maintenance;
 4. If the parties were legally separated, rather than divorced, then the plaintiff could continue to be covered for the current premium of $241.00 per month;
 5. All real and personal property and accounts have been divided equally between the parties;
 6. The plaintiff is making no claim on the defendant's pension. The plaintiff is rather seeking some type of income stream;
 7. If the defendant should predecease the plaintiff, then she will receive $146.00 per week from his CT Page 15510 pension plus a lump sum payment of $9,932.00:
 8. The defendant agrees to maintain all existing life insurance policies on his life for the benefit of the plaintiff and continue the plaintiff as irrevocable beneficiary. Defendant shall provide Plaintiff's counsel proof of the existence of such policies and that the plaintiff is so named as irrevocable beneficiary. Notice of any cancellation of the policies shall be provided to the plaintiff.
ADDITIONAL FINDINGS OF FACT
The plaintiff, whose maiden name was Roberta Briggs, and the defendant were joined in matrimony at Millerton, New York on July 1, 1961.
The plaintiff has resided continuously in this state for more than one year prior to the initiation of these proceedings.
The marriage of the parties has broken down irretrievably with no reasonable prospect for reconciliation.
The plaintiff and the defendant have no minor children issue of this marriage.
No other minor children have been born to the plaintiff wife since the date of the marriage of the parties.
Neither the State of Connecticut nor any municipality, town, city or subdivision thereof is contributing to the support and maintenance of either the plaintiff or the defendant.
This is the first marriage for the plaintiff and the first marriage for the defendant
The parties separated in June, 2000.
The plaintiff claimed that one of the causes of the breakdown was the defendant's controlling personality, jealousy, paranoia and temper.
The defendant claims that the plaintiff's depression created stress in the home.
Both parties have medical problems. CT Page 15511
DISCUSSION
This is a marriage of forty years duration.
The parties have been separated since June, 2000.
The plaintiff is age 62 and the defendant is 69.
On the basis of the testimony adduced, the facts stipulated to by the parties the issues to be determined by the court are limited.
It would appear that the plaintiff and the defendant are doing the best that they can on the basis of their age, health, education and overall financial circumstances.
THE LAW
The court has considered all of the criteria of General Statutes 46b-81,46b-82, 46b-84, 46b-62 and 46b-56a.
The Court has considered all of the applicable case law that governs the matter.
The Court has considered the testimony of the parties, their candor or lack thereof and all exhibits and the arguments of counsel.
In considering the issue of alimony, the Court has considered the length of the marriage, the cause of the dissolution, the age, health, station, occupation, employability, estate and needs of the parties.
The court enters the following orders.
DISSOLUTION
The marriage has broken down irretrievably without hope of reconciliation, therefore a decree may enter dissolving the marriage.
ALIMONY
The plaintiff shall pay periodic alimony to the defendant in the amount of $237.24 per month.
Said alimony shall be modifiable as to amount on an annual basis as of May 1st so as to equalize the parties income. The parties shall exchange federal income tax returns by April 15th of each year. Alimony shall terminate upon the first of the occurrences of the following CT Page 15512 events:
a. Death of the plaintiff or the defendant.
b. Remarriage of the plaintiff
 c. Cohabitation by the plaintiff with a third party as defined in General Statutes § 46b-86 (b).
Said periodic alimony shall be tax deductible to defendant and tax includible to the plaintiff.
This alimony obligation is intended as a separate maintenance and said obligation shall not be affected by any discharge in bankruptcy.
MEDICAL INSURANCE
The Husband shall cooperate with the Wife in her application for COBRA medical insurance benefits. He shall be solely responsible for the cost of COBRA, represented to be $344.00 per month for medical, for a period not exceeding 18 months from the date of this judgment, thereafter the wife shall be responsible for the cost of her medical insurance. The cost to the Husband shall be considered alimony for tax purposes.
LIABILITIES
Credit cards — each party shall be responsible for their own credit card debt as shown on their respective financial statements.
Plaintiff shall be responsible for the Sharon Hospital Senior Behavior Unit Bill.
Property taxes — the defendant shall pay the outstanding property taxes due on the 1992 Oldsmobile and the plaintiff shall pay the outstanding property taxes on the 1998 Plymouth Fury.
Each party shall be responsible for the other debts and obligations shown on their respective financial affidavits.
ATTORNEY'S FEES
The court enters no orders as to attorney's fees and leaves the parties to make their own arrangements with counsel.
OTHER ASSET DIVISION
CT Page 15513
The plaintiff's remaining personal property in her possession shall remain her personal property free of any claims by the defendant. The defendant's personal property in his possession shall remain his personal property free of any claims by the plaintiff
The parties are declared to be single and unmarried pursuant to the provisions of the statute.
The marital union is dissolved.
Cremins, J.